# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BEAUX ARTS MUSEUM, LLC, )
a Florida Limited Liability Company, )
 )
  Plaintiff, )
 )
v. )  Case No.: 1:25-cv-06687-TWT
 )
ALLAN BAITCHER, an individual, )
 )
and )
 )
PEACHTREE ANTIQUES, INC., )
a Georgia Corporation, )
 )
  Defendants. )

## <u>ANSWER OF DEFENDANTS</u>

COME NOW Allan Baitcher and Peachtree Antiques, Inc., Defendants, in the above styled matter and submit their Answer and defenses. The Defendants respectfully show as follows:

As an initial matter, the Plaintiff's claims are without merit. The Defendants, Plaintiff and Plaintiff's sole benefactor, Al Malnik, worked cooperatively for decades to amass works of art, replicas and appraisals contained in Plaintiff's collection. Defendant Baitcher and Plaintiff's benefactor Al Malnik travelled together to make purchases of all sorts of items for Plaintiff, met regularly at Mr. Malnik's home and at Plaintiff's location, and for years spoke over a dozen times

per day via phone. Defendants only spent funds provided by Plaintiff and Mr. Malnik pursuant to specific instructions. At no time did Defendants divert or retain the funds of Plaintiff or Mr. Malnik beyond the agreed annual fee for Defendants' services – which was less than $100,000 per year.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands and laches.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's RICO claims fail as there alleged enterprise was a legitimate business relationship directed and governed by Plaintiff and its benefactor Al Malnik.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's RICO claims fail as the predicate acts of fraud, money laundering and/or trafficking in counterfeit goods did not form a pattern or continuity of action by the Defendants as each act was directed and controlled by Plaintiff and Plaintiff's benefactor Al Malnik.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's RICO claims fail for lack of causation as Plaintiff has not suffered any financial injury which could flow from the complained of activity directed by Plaintiff and Plaintiff's benefactor Al Malnik.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's RICO claims fail as the complained of activity were normal business practices and operations directed by Plaintiff and its benefactor Al Malnik.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's RICO claims fail as there are no facts which can prove Defendants intended to defraud Plaintiff as each alleged act of Defendants was controlled and directed by Plaintiff and its benefactor Al Malnik.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant Baitcher are barred as in all alleged dealings between the parties Defendant Baitcher was acting in his capacity as an Officer for Peachtree Antiques, Inc. and in his role as an agent of said corporate entity.

## TENTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred by the legal doctrines of accord and satisfaction, estoppel and/or waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant Baitcher was authorized, expressly and implicitly, to act as an agent of the Plaintiff and Al Malnik in all instances which are the subject of Plaintiff's Complaint. Additionally, the Plaintiff in this matter subsequently ratified the acts of its Agent, Defendant Baitcher. Therefore, Plaintiff's claims against Defendant Baitcher fail as a matter of law.

## TWELFTH AFFIRMAIVE DEFENSE

Plaintiff can show no set of facts which demonstrate that Defendant Baichter breached any duty owed to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to specifically state items of any special damages sought in this action which bars the recovery of such special damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to prejudgment interest, statutory interest, treble damages or attorneys' fees.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and Al Malnik fully and freely negotiated an arms' length agreement to purchase works of art and replicas and received the full benefit of that bargain. Any misunderstanding or false information related to the assets for purchase was the result of false statements made by parties to the transaction other than these Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants performed all acts in furtherance of the agency with Plaintiff with reasonable care and in accordance with Plaintiff's directions and all professional standards in the art and art replica industry.

## SEVENTEENTH AFFIRMATIVE DEFENSE

An intervening act, an independent act or omission of someone other than the Defendants, which was not foreseeable by the Defendants, caused Plaintiff's damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injury (if any) would not have occurred absent the intervening criminal act of a third party and said intervening criminal act was not foreseeable by Defendants.

## NINTEENTH AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith and exercised due diligence in carrying out Plaintiff's and its benefactor Al Malnik's directions to obtain art, replicas and the disbursement of funds.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff's RICO claims fail because in 2014/2015, Plaintiff's benefactor Al Malnik loaned Defendant Baitcher a significant sum of money for which Al Malnik received a controlling interest in all of Defendant Baitcher's property – including a controlling interest in Peachtree Antiques, Inc. and all of its proceeds. Therefore, Al Malnik was a controlling figure in the enterprise and its operations on which Plaintiff bases its federal and state RICO claims.

Defendants respond to each individually numbered paragraph in Plaintiff's Complaint as follows:

## INTRODUCTION

1.    The narrative allegations in this paragraph are denied.

2.    The narrative allegations in this paragraph are denied.

3.    The narrative allegations in this paragraph are denied.

4.    Defendants deny Plaintiff is entitled to damages of any kind.

5.      The narrative allegations in this paragraph are denied.

## PARTIES

6.      Defendants to the best of their knowledge admit the corporate structure and location of Plaintiff. All other allegations in this paragraph are denied.

7.      Admitted.

8.      Defendants admit the corporate structure and location of Peachtree Antiques, Inc. All other allegations in this paragraph are denied.

9.      Admitted.

## JURISDICTION AND VENUE

10.     Admitted.

11.     Admitted.

12.     Defendants admit venue is proper in this jurisdiction. All other allegations in this paragraph are denied.

13.     Defendants admit venue is proper in this jurisdiction. All other allegations in this paragraph are denied.

14.     Admitted.

15.     Admitted.

## FACTUAL BACKGROUND

16.     Admitted.

17.     Admitted.

18.    Admitted.

19.    Admitted to the extent there was a shared interest in art. All other allegations in this paragraph are denied.

20.    Denied.

21.    Defendants admit Mr. Malnik would travel to Atlanta in the 1990s. All other allegations in this paragraph are denied.

22.    Admitted.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Defendants do not have sufficient information to admit or deny the allegations as to why Mr. Malnik created Beaux Arts Museum. Defendants admit Mr. Malnik acquired vast amounts of jade, ivory, paintings, sculptures and artifacts.

29.    Defendants do not have sufficient information to admit or deny the allegations as to what Mr. Malnik believed. To the extent a response is required, the allegations are denied.

30.    Defendants admit at Plaintiff's and Mr. Malnik's direction numerous art pieces were acquired. The remaining allegations are denied.

31.    Denied.

32.    Denied as pled.

33.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

34.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

35.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

36.    Denied.

37.    Admitted.

38.    Admitted.

39.    Defendants admit the corporate structure and titles of Defendant Baitcher. The remaining allegations are denied.

40.    Admitted.

41.    Admitted.

42.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

43.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

44.    Defendants admit there was routine telephone communications between Defendant Baitcher and Mr. Malnik. To the extent a further response is required, the allegations are denied.

45.    Defendants admit they acquired pieces of original artwork for Plaintiff and that Plaintiff and Mr. Malnik also directed Defendants to acquire replica pieces of art. To the extent a further response is required, the allegations are denied.

46.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

47.    Denied.

48.    This paragraph and sub-parts a-n are denied.

49.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied as pled.

54.    Denied as pled.

55.    Denied as pled.

56.    Denied as pled.

57.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

58.    Denied.

59.    Denied.

60.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

61.    Denied as pled.

62.    Denied.

63.    Denied as pled.

## COUNT ONE – VIOLATION OF 18 U.S.C. §1962(c)

### (Conduct of an Enterprise Through a Pattern of Racketeering Activity)

### (Against Defendant Baitcher)

64.    Defendants realleged each affirmative defense and response to each paragraph as if set forth herein.

65.    Defendants admit Plaintiff purports to assert Count One against only Defendant Baitcher.

66.    Denied.

67.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

68.    Admitted.

69.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    This paragraph and its sub-parts a-s are denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    This paragraph and its sub-parts a-b are denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.   Denied.

89.   Denied.

90.   Denied.

91.   Denied.

92.   Denied.

93.   This paragraph and its sub-parts a-d are denied.

**COUNT TWO – VIOLATION OF GA. CODE. ANN. §§16-14-1 TO 16-14-15**

**(Violation of the Georgia Racketeer Influenced and Corrupt Organizations**

**(RICO) Act)**

**(Against Defendant Allan Baitcher)**

94.   Defendants realleged each affirmative defense and response to each paragraph as if set forth herein.

95.   Defendants admit Plaintiff purports to assert Count Two against only Defendant Baitcher.

96.   Denied.

97.   Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

98.   Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

99.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

100.    Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

101.    Denied.

102.    Defendants deny the allegations in this paragraph and its sub-parts a-f.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Defendants deny the allegations in this paragraph and its sub-parts a-e.

## COUNT THREE – BREACH OF FIDUCIARY DUTY

### (Georgia Common Law)

### (Against Defendants Allan Baitcher and Peach Antiques)

111.    Defendants realleged each affirmative defense and response to each paragraph as if set forth herein.

112.    Denied.

113.   Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

114.   Denied.

115.   Denied.

116.   Defendants deny the allegations in this paragraph and its sub-parts a-d.

117.   Denied.

118.   Defendants deny the allegations in this paragraph and its sub-parts a-d.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Defendants deny the allegations in this paragraph and its sub-parts a-e.

## COUNT FOUR – FRAUD

### (Georgia Common Law)

### (Against Defendant Allan Baitcher and Peachtree Antiques)

123.   Defendants realleged each affirmative defense and response to each paragraph as if set forth herein.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.  Denied.

129.  Denied.

130.  Denied.

131.  Defendants deny the allegations in this paragraph and its sub-parts a-e.

## COUNT FIVE – THEFT BY DECEPTION

## (O.C.G.A. §16-8-3; O.C.G.A. §§ 51-1-6, 51-10-6)

## (Against Defendants Allan Baitcher and Peachtree Antiques)

132.  Defendants realleged each affirmative defense and response to each paragraph as if set forth herein.

133.  Denied.

134.  Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

135.  Denied.

136.  Denied.

137.  Denied.

138.  Denied.

139.  Defendants do not have sufficient information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

140.  Denied.

141.  Denied.

142.   Denied.

143.   Denied.

144.   Defendants deny the allegations in this paragraph and its sub-parts a-e.

## COUNT SIX – UNJUST ENRICHMENT/MONEY HAD AND RECEIVED

### (Equitable Relief Under Georgia Common Law)

### (Against Defendants Allan Baitcher and Peachtree Antiques)

145.   Defendants realleged each affirmative defense and response to each paragraph as if set forth herein.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Defendants deny the allegations in this paragraph and its sub-parts a-d.

**There are no paragraphs in the Plaintiff's Complaint numbered 153-156. To the extent any such paragraphs exist – these paragraphs are denied.**

## COUNT SEVEN – FRAUDULENT TRANSFER

### (O.C.G.A. §18-2-70, et seq.)

### (Against Defendants Allan Baitcher and Peachtree Antiques)

157.   Defendants realleged each affirmative defense and response to each paragraph as if set forth herein.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Defendants deny the allegations in this paragraph and its sub-parts a-e.

### COUNT EIGHT – ACCOUNTING AND EQUITABLE RELIEF

### (Against Defendant Allan Baitcher and Peachtree Antiques)

165.   Defendants realleged each affirmative defense and response to each paragraph as if set forth herein.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Defendants deny the allegations in this paragraph and its sub-parts a-c.

**There are no paragraphs in the Plaintiff's Complaint numbered 172-181. To**

**the extent any such paragraphs exist – these paragraphs are denied.**

**COUNT NINE – ATTORNEYS' FEES**

**(O.C.G.A. §13-6-11)**

**(Against Defendants Allan Baitcher and Peachtree Antiques)**

182.    Defendants realleged each affirmative defense and response to each paragraph as if set forth herein.

183.    Denied.

184.    Denied.

185.    Defendants deny the allegations in this paragraph and its sub-parts a-c.

186.    Defendants deny Plaintiff is entitled to any amount of damages or other relief from these Defendants.

187.    Any paragraph not specifically responded to herein shall be denied.

This the 8th day of January 2026.

                                     **HOTCHKISS HOFFECKER PEACOCK, LLC**

                                     /s/ Charles Hoffecker

                                     Charles Hoffecker

                                     Georgia Bar No.: 359615

                                     Maggie L. Stewart

                                     Georgia Bar No.: 681630

                                     Attorneys for Defendants

1201 Peachtree Street, NE
Suite 2000
Atlanta, GA 30361
404-885-7576
chad@hhpatlanta.com
maggie@hhpatlanta.com

## CERTIFICATE OF COMPLIANCE

The below signed counsel hereby certify this pleading is filed in accordance with the Court's Local Rules as to font type (Times New Roman) and size (14pt).

                                     **HOTCHKISS HOFFECKER PEACOCK, LLC**

                                     /s/ Charles Hoffecker

                                     Charles Hoffecker

                                     Georgia Bar No.: 359615

1201 Peachtree Street, NE
Suite 2000
Atlanta, Georgia 30361
404-885-7576
chad@hhpatlanta.com

## <u>CERTIFICATE OF SERVICE</u>

This pleading has been served on counsel for all parties via the Court's electronic filing system.

This the 8th day of January 2026.

**HOTCHKISS HOFFECKER PEACOCK, LLC**

/s/ Charles Hoffecker
Charles Hoffecker
Georgia Bar No.: 359615
Maggie L. Stewart
Georgia Bar No.: 681630
Attorneys for Defendants

1201 Peachtree Street, NE
Suite 2000
Atlanta, GA 30361
404-885-7576
chad@hhpatlanta.com